UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 6:04-CV-194-KKC

EDWARD PHILLIP POORE, JR., PLAINTIFF,

v.  **MEMORANDUM OPINION & ORDER**

STERLING TESTING SYSTEMS, INC., DEFENDANT,

v.

USIS RECORD SEARCH, INC. THIRD PARTY DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the Joint Motion to Exclude Plaintiff's Evidence of Undisclosed Damages (Rec. No. 71). For the following reasons, the Court GRANTS the motion.

The Plaintiff, Edward Phillip Poore, Jr. ("Poore") asserts that Defendant Sterling Testing Systems, Inc. ("Sterling") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, when Sterling erroneously reported to Poore's prospective employer, Colgate-Palmolive ("Colgate") that Poore had been convicted of driving under the influence. Poore also asserts a state law defamation claim.

With his Complaint, Poore asked for compensatory damages of $75,000 and punitive damages of $250,000 for the violation of the FCRA; $50,000 for compensatory damages and $250,000 for punitive damages on the state law defamation claim; and attorney's fees and costs. In ruling on Sterling's Motion for Summary Judgment, the Court held that Poore is not entitled to punitive damages under FCRA. With their current motion, Sterling and Third Party Defendant, USIS Record Search, Inc. ("USIS"), jointly move the Court to exclude evidence regarding damages

not disclosed in Poore's Rule 26(a)(1) disclosures or as required during discovery.

Pursuant to the Court's Scheduling Order entered October 28, 2004 (Rec. No. 9), the parties were required to exchange information required under Fed. R. Civ. P. 26(a)(1) by November 8, 2004. Also pursuant to the Scheduling Order, the parties were required to supplement their disclosures under Rule 26(e) within thirty (30) days of discovering new information, but by no later than thirty (30) days prior to the close of discovery. The close of discovery was July 22, 2005.

On December 16, 2004, Poore served his Rule 26(a)(1) initial disclosures on Sterling, identifying the same damages he had identified in his Complaint which are described above. (Rec. No. 71, Joint Motion to Exclude, Ex. A). Later during discover, in interrogatories, Sterling asked Poore to:

> State the amount of damages that you seek to recover under each cause of action set forth in your complaint. Further, describe in detail the manner in which you calculated the amount of damages under each cause of action. Additionally state the amount of punitive damages that you seek to recover in this action.
>
> In response, on April 28, 2005, Poore stated the following:
>
> (A)  Violation of Fair Credit Reporting Act – $75,000
> (B)  Lost Wages – computed as follows:
>
> June 30 through December 31, 2003 – $841.60 per week – $21,881.60 plus January 2004 through July 12, 2004 at $917.40 per week – $24,769.80 for a total of $47,464.60. From the above there is subtracted employment wages at Lowe's ($6,818.40), GASK ($360.00), Post Office ($2,520.00) of $9,698.40 for a net of $37,766.20 of lost wages. To the above there will be claimed additional lost overtime which will be based upon the average of the overtime used by this Plaintiff with this present employer; a computation of lost benefits and any lost bonuses. To complete said response, the Plaintiff will supplement this request.
>
> (C)  Punitive Damages: $75,000
> (D)  Defamation:    $50,000
> (E)  Embarrassment, humiliation and mortification: $50,000
> (F)  Punitive Damages for Defamation: $100,000

>   (G)   Costs and attorneys fees to the extent that attorneys fees are recoverable under the appropriate acts.

(Rec. No. 71, Joint Motion to Exclude, Ex. B).

After the end of discovery, by letter dated November 16, 2005, Poore's counsel informed counsel for Sterling and USIS that he had asked Poore to obtain "more specific information regarding his lost earnings. We have contacted the company and have found a person who was apparently hired in place of Mr. Poore. The lady's name is Ericka L. Wood." (Rec. No. 71, Joint Motion, Ex. C). According to Poore, Ericka Wood was employed in the same position Colgate had offered Poore and began work on the same date that Poore would have if not for the erroneous report. (Rec. No. 75, Response at 2). Poore's counsel further explained that:

> In 2004, Mr. Poore earned $34,461.22 and in 2005 had earned $35,383.05 during the pertinent time frame for a total of $59,844.64. Averaging Mr. Poore's earnings with Ericka's earnings, one would come up with $61,904.55. Subtracting from that sum the earnings that he actually made of $9,698.40 leaves $52,206.15. We still do not have the total cost of the benefits package provided by Colgate and understand that Betsy Fishbone in New York is the person to provide that information." (Rec. No. 71, Joint Motion, Ex. C)

By letter dated December 30, 2005, Poore's counsel informed counsel for Sterling and USIS that he had received information from Betsy Fishbone, according to which, Poore's benefits package for the time period from June 30, 2003 to June 11, 2004 was $27,272.

Sterling argues that it has no way to determine whether the amounts paid to Ericka L. Wood, the employee allegedly hired instead of Poore, would have been paid to Poore. Sterling argues it cannot depose anyone at Colgate regarding this issue because the discovery deadline has passed and the evidentiary depositions of two Colgate employees were taken prior to the disclosure of these damages. Further, Sterling argues, the reasonableness of Poore's claim to lost overtime and bonuses may also be the subject of expert testimony, but the deadline for identifying an expert witness has

3

long passed. Sterling argues it would likewise by prejudiced by the admission of evidence regarding Colgate's benefits package.

Among the mandatory disclosures of Rule 26 is the requirement that a party provide to other parties a computation of any category of damages claimed. Fed. R. Civ. P. 26(a)(1)(C). The rule further states that a party is under a duty to supplement or correct this information if the party learns that the information disclosed is incomplete or incorrect and if the additional or corrective information has not been otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1). Further, under the Rule, a party must seasonably amend a prior response to an interrogatory if the party learns that the response is in some material respect incomplete or incorrect. Fed. R.Civ. P. 26(e)(2). Pursuant to this Court's Order, Poore was required to supplement his discovery responses and disclosures as required under Rule 26(e) by June 22, 2005.

In his discovery responses, Poore stated he would claim $37,766.20 and described the manner by which he had calculated that amount. He never altered that response prior to the end of the discovery period. Then, months later, by the November 16, 2005 letter, Poore indicated he would actually be seeking $52,206.15 in lost wages which was calculated in a manner that was entirely different than the calculation contained in his discovery responses. Still later, by the December 30, 2005 letter, Poore indicated he would be seeking an additional $27,272 in lost benefits.

In his response to the Joint Motion to Exclude any damages that were not disclosed during discovery, Poore does not provide any explanation as to why these different and additional damages were not disclosed earlier. Accordingly, the Court has no basis for finding that his failure to provide the information during discovery as ordered was substantially justified. Further, the Court has no

basis for finding that the error is harmless. It appears from the November and December letters by Poore's counsel that Poore seeks to claim more than $40,000 in additional damages than he disclosed during discovery. Accordingly, the Court hereby ORDERS as follows:

1)  The Joint Motion to Exclude Plaintiff's Evidence of Undisclosed Damages (Rec. No. 71) is hereby GRANTED; and

2)  At the jury trial of this matter, Poore SHALL NOT claim more than $37,766.20 in lost wages including lost overtime, lost benefits and lost bonuses and SHALL NOT offer evidence of more than $37,766.20 in lost wages including lost overtime, lost benefits and lost bonuses.

In addition to regular service by mail, a copy of this Order shall be transmitted forthwith to counsel of record by facsimile or by electronic filing.

This 1st day of February, 2006.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**